NOT DESIGNATED FOR PUBLICATION

No. 120,585

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAISY MATHEWS-BUCKLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Opinion filed November 15, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Daisy Mathews-Buckley appeals the district court's decision to revoke her probation. We granted Mathews-Buckley's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). After a complete review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

After a bench trial on stipulated facts, the district court found Mathews-Buckley guilty of trafficking contraband in a correctional facility, unlawful possession of methamphetamine, possession of drug paraphernalia, and no proof of insurance. Because

1

of her criminal history score of F, Mathews-Buckley faced a presumptive sentence. See K.S.A. 2014 Supp. 21-6804(a).

Based on an agreement between the parties, the State joined Mathews-Buckley in asking for a dispositional departure to probation. The court followed the recommendation of the parties and sentenced Mathews-Buckley to a controlling term of 55 months imprisonment but granted her probation. The court granted Mathews-Buckley's motion for departure based on her pregnancy, need to care for her young children, and amenability to probation.

Less than four months later, Mathews-Buckley admitted that while on probation she used marijuana and methamphetamine, attempted to tamper with a drug test, associated with individuals who possessed methamphetamine, was unsuccessfully discharged from a drug treatment program, and failed to report to her probation officer as required.

The district court revoked Mathews-Buckley's probation and ordered her to serve a modified sentence of 36 months' imprisonment. In revoking her probation, the district court reasoned that prison was a better option for her safety and the safety of her unborn child. Mathews-Buckley timely appealed the revocation of her probation.

ANALYSIS

Mathews-Buckley acknowledges that the district court had the discretion to revoke her probation under the circumstances. See K.S.A. 2017 Supp. 22-3716(c)(9)(B) (district court may revoke probation without intermediate sanctions if probation assignment was originally granted as a result of a dispositional departure).

2

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Mathews-Buckley bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Mathews-Buckley does not argue the district court's decision was based on an error of law or an error of fact. Instead, she asserts the district court's decision was unreasonable. Her argument is unpersuasive. Mathews-Buckley violated her probation shortly after sentencing. She was given a dispositional departure from a presumptive prison sentence so she could care for her child and her pregnancy. Her violations included using methamphetamine, associating with people who possesses methamphetamine, failing to complete drug treatment, failing to report to her probation officer and attempting to tamper with a drug test. All of the violations, to which she stipulated, were in direct conflict with the reasons she was given a departure to begin with—to care for her child and her pregnancy. Mathews-Buckley fails to meet her burden to show that no reasonable person would have taken the view adopted by the district court. See 295 Kan. at 531.

Affirmed.